IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

The Gillette Company,                      Case No. 3:13CV2241

       Plaintiff

     v.                                    **ORDER**

BK Gifts, et al.,

       Defendant

        This is a patent infringement suit in which the remaining defendants are Zilo Stores (as to which plaintiff is entitled to entry of judgment by default) and its alleged principal, Francis Saint-Arnaud, who is proceeding *pro se*.

        Pending St.-Arnaud's motions to dismiss the complaint (Doc. 44) and for partial summary judgment. (Doc. 45). Neither has any merit and shall be denied.

        After St.-Arnaud filed his motion to dismiss, the plaintiff timely filed an amended amended complaint.

        St.-Arnaud argues that I should not allow the amended complaint to be filed, and should dismiss the original complaint as insufficient on its face to state a claim against him personally. This is so, he claims, because plaintiff has not alleged adequately that it can pierce the corporate veil between him and Zilo Stores.

        I disagree: the original and amended complaints both sufficiently state a claim in support of veil-piercing. They detail, to as fulsome an extent as any party reasonably can, the apparent inter-

twining between the corporation and its principal. Whether the facts bear this out will depend on what discovery discloses.

St.-Arnaud also argues in his summary judgment motion that plaintiff has not put him sufficiently on actual notice of his apparent infringing conduct. Again, I disagree. As of the time it filed its complaint, and certainly no later than the date of filing of its amended complaint, St.-Arnaud was more than adequately informed about plaintiff's asserted rights and their source.

It is, accordingly,

ORDERED THAT:

1. Motions to dismiss (Doc. 44) and for Partial Summary Judgment (Doc. 45) be, and the same hereby are overruled; and

2. Clerk to note entry by default against defendant Zilo Stores; plaintiff to file such proposed order(s) as it may deem appropriate for entry of judgment, including injunctive relief, against defaulted defendant; and

3. The Clerk shall schedule a telephonic status/scheduling conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge